**STATE ex PATTERSON v INDUSTRIAL COMMISSION**

Ohio Appeals, 2nd Dist. Franklin Co

No 2648. Decided April 25, 1936

Frank H. Dean, Xenia, for relator.

John W. Bricker, Attorney General, Columbus, and R. R. Zurmehly, Special Counsel, Columbus, for respondent.

**OPINION**

By HORNBECK, J.

While the answer averred many facts respecting the nature of the employment of the relator covering a period of several months prior to relator's injury and the unsteady tenure of his employment, the statement is finally made that the Commission found that the average weekly wage of the relator during the **month** prior to the time he was injured was $12.00. Inasmuch as he was allowed $8.00 per week it is evident that his average weekly wage at the time of his injury was fixed in the sum of $12.00.

Although the second defense of the answer does not admit specifically that the relator earned $35.00 in ten days in the period from November 20th to December 6th, including the date of his injury, we hold that what is stated is tantamount to an admission that this sum is representative of his earnings for that period. In the absence of a specific denial of earnings of $35.00 for the stated period or statement of facts from which inference may be drawn that such sum was not earned, in conjunction with the fact that the employer did pay the relator that amount for his services, performed during the period, we feel safe in saying that this sum represents his earnings.

If determination of the average weekly wage is to be made upon the basis of the two weeks' earnings immediately preceding relator's injury, then he is entitled to the relief prayed in the petition. This is the contention of the relator. If, on the other hand, the average weekly wage is to be fixed upon the basis of four weeks' earnings, then, inasmuch as the averment of the answer that $12.00 per week was the average weekly wage for a period of four weeks immediately preceding the injury is admitted by the failure to file a reply denying it, if this is a proper basis of computation, judgment should be rendered for the respondent upon the pleadings.

Determination of the question presented requires consideration of the late case of **State ex Kildow v Industrial Commission of Ohio, 128 Oh St, 573,** wherein the court was considering, in an original action in mandamus, the method of determination of the average weekly wage of the relator under §1465-84, GC. The section provides:

"The average weekly wage of the injured person at the time of the injury shall be taken as the basis upon which to compute the benefits."

The Commission had considered the weekly earnings of the relator for a period from July 1, 1930, to December 26, 1930, had totaled the earnings and divided them by the number of weeks employed and adopted the result as the average weekly wage of the relator. The court found this to be an improper method of computation under the facts of the case presented and announced this syllabus:

"The words 'at the time of the injury' as used in that section mean that the Industrial Commission, in arriving at a basis for compensation, shall consider the shortest possible time immediately prior to the

injury as will enable it to intelligently determine an 'average weekly wage * * *' at the time of the injury."

In the Kildow case the court had the advantage of the weekly earnings of Kildow for six months, provided by an employer for whom he had worked during the whole period. His compensation was fixed upon the basis of daily wage and the days which he worked varied materially for the weeks, set out in the report.

In the instant case we have no statement whatever touching the earnings of the relator for any period other than the two weeks and two days immediately prior to his injury, though it does appear that he was not working for the same employer prior to this period. It likewise appears, as in the Kildow case, that the relator in the instant case was not regularly employed and that his earnings varied materially over the periods which the Commission considered in fixing his average weekly wage.

Judge Stephenson, who wrote the opinion in the Kildow case, made several pertinent observations. At page 579, he said:

"Surely the General Assembly did not intend that the commission should go back six months in order to ascertain the average weekly wage of a claimant. If it did, why was it necessary to use the words 'at the time of the injury?'

"An 'average weekly wage' can not be arrived at by taking the wages for one week alone into consideration, **but it can be ascertained by taking the last two weeks into consideration.** (Emphasis ours).

"The Industrial Commission claims that it has a wide discretion in determining the 'full weekly wage * * * at time of injury' or 'the average weekly wage * * * at the time of the injury' and that it can go back six months if it sees fit.

"It could not go back that far under its rule. Can it, in the exercise of a sound discretion travel back six months, under the statute?

"Were it not for the words 'at the time of the injury', contained in the statute, this contention might be tenable. With these words standing out so boldly, we are of the opinion that the Industrial Commission must hover closer to the time of the injury."

Had the opinion stopped with the language quoted we would have definite precept but it continues and at page 581 the section is quoted and then is said:

"In this construction we are obliged to resort to the rule of reason. In our opinion the words 'at the time of the injury' require the construction that we must stick as close to the time of injury as the practical working of the statute will permit, venturing from it no further than will permit us to determine an 'average weekly wage'."

Thus far, in view of the fact that theretofore it had been expressly stated that an average weekly wage could be determined by taking the last two weeks of earnings under consideration, it would seem that in view of the part of the opinion just quoted such determination could be made, considering only that period. But when the court came to determine the amount of Kildow's average weekly wage at the time of the injury, it took the sum total not of two weeks' earnings but of four weeks earnings, divided it by four and fixed the result thus obtained as his average weekly wage. Thus we have one test by precept and another by example. The syllabus, of course, is the law and it becomes difficult of application in view of what is said and that which the Supreme Court did in the Kildow case.

No facts appear in the pleadings in this case which, in our judgment, would permit the Commission to violate the rule announced in the Kildow case, that it is not necessary to "travel back six months" in fixing the average weekly wage of the relator.

We have come to the conclusion that, inasmuch as we do not have any figures touching the earnings of the relator in this case for any period of time prior to the little more than two weeks immediately preceding his injury, it would not be safe procedure to say, as a matter of law, that the Commission should be required to accept the average weekly wage upon consideration only of the two weeks' earnings immediately preceding the injury.

We are satisfied that the two weeks' earnings of relator which appear in the pleadings would be a basis for the determination of his average weekly wage and may be the only tenable sum to consider but we would not hold as a matter of law, in the absence of further facts, that it is the sole period which should be considered in making factual determination in the instant cause nor would we say that a period of just four weeks would be controlling.

The motions of both parties for judgment on the pleadings will be overruled. Counsel may submit this cause upon stipulation or testimony may be taken, if desired.

BARNES, PJ, and BODEY, J, concur.